**OTILIA SA'AGA, Petitioner**

v.

**ETI SA'AGA, Respondent**

High Court of American Samoa
Trial Division

DR No. 43-91

August 28, 1991

---

[2] We necessarily reject defendants' argument that the subject matter of the lease is a house and not communal land.

18

Before KRUSE, Chief Justice, AFUOLA, Associate Judge, and MAILO, Associate Judge.

Counsel: For Petitioner, Asaua Fuimaono
 For Respondent, Pro Se
 For American Samoa Government, Thomas E. Dow,
 Assistant Attorney General
 For America Samoa Government Federal Credit Union,
 Charles V. Ala'ilima

 This matter came on regularly for hearing upon petitioner's petition for a decree of judicial separation, for separate maintenance and for child support. The evidence clearly showed condonation (as well as ongoing attempts at reconciliation) although the parties have been, and continue to remain, separated in fact. Under circumstances of condonation, we are required to dismiss the petition. See A.S.C.A. § 46.0206(6).[1]

 In the course of these proceedings, however, we discovered that the parties' minor children were necessarily left bereft of support owing to the fact that their respondent father, and breadwinner of the family, had, for several bi-weekly pay periods, taken home zero pay. This was the result of payroll deductions made by his employer, the government, on behalf of third-party creditors. Respondent's pay stub for the pay period ending July 20, 1991, revealed $430.00 in disposable income (that is, after taxes and other statutory deductions), of which the government

_____

[1] Nor is a decree of judicial separation available upon stipulation of the parties, as respondent seems to think. In this territory, the grounds for judicial separation are exactly the same as those for dissolution of marriage. See A.S.C.A. § 42.0202. Unless one of those statutory grounds has been affirmatively proven, the petition must be dismissed. See A.S.C.A. 42.0206(a)(2); Chun v. Chun, 3 A.S.R.2d 23 (1986); T.C.R.C.P. 55(e).

19

payroll office withheld $314.41 on behalf of the American Samoa Government Federal Credit Union (hereinafter "Union") and $100.00 on behalf of the Office of Communications (hereinafter "Communications"). In our role as parens patriae, we decided to look into these dire and rather unusual circumstances[2] on behalf of the minor children.

Initially, appropriate subpoenas duces tecum were issued to both creditors for information. Subsequently, they were joined in the proceedings and issued orders to show cause why they should not be enjoined from access to the first $400.00 of respondent's disposable income, to be set aside for the children's support.

At the show cause hearing, the Union appeared with counsel but Communications did not, although its credit manager, who earlier responded to subpoena, did appear. The evidence showed that the respondent, an employee of the judicial branch, American Samoa Government, was delinquent in the repayment of an outstanding loan he had taken out with the Union, as well as also being delinquent in the payment of his recent telephone bills. However, neither the Union nor Communications was able to show cause,[3] and, accordingly, we

---

[2] Generally speaking, it is unlawful to make deductions from an employee's earnings --- except for taxes and payments pursuant to order of court --- unless such deductions have been authorized in writing by the employee. See A.S.C.A. § 32.0333. In addition, federal labor law applicable to the territory prohibits the garnishment of an individual's earnings beyond 25% of an employee's disposable earnings. See 15 U.S.C. § 1673.

[3] Neither could provide a lawful basis for withholding respondent's earnings in compliance with the local statute prohibiting wage deductions. See A.S.C.A. § 32.0333. Although Communications did present an assignment form (albeit poorly worded) signed by respondent, the assignment clearly pertained to a previous debt accruing last year. The instrument by its terms had not only lapsed, but the indebtedness thereby evidenced would have been discharged a long time ago, given the amount of the debt and the payroll bi-weekly deduction stipulated. The Union, on the other hand, presented two distinct wage assignments (again standard forms but sparse in content and incorporating incomprehensible coded language certain to invite dispute). Although one of these forms appears to have been signed by the respondent, its scope of authorization was for an amount less than what was being deducted for the Union. It

conclude that respondent's disposable income is thus available to at least provide for the minor children's minimum needs, which we fix in the amount of $200.00 per bi-weekly pay period. To ensure against further circumstances of destitution, an order will enter placing a charge against the disposable earnings of respondent Eti Sa'aga accordingly.[4]

It is hereby ordered:

1. The petition for judicial separation is dismissed and ancillary relief for petitioner's separate maintenance is, therefore, denied. (Respondent, appearing pro se, shall note that this does not mean that he is therefore relieved of his legal obligation to support his wife.)

2. The American Samoa Federal Credit Union and the Office of Communications are hereby enjoined from continuing to make the unlawful deductions from respondent's earnings as heretofore done to the detriment of the parties' minor children.

3. Until further order of the court, the sum of $200.00 per bi-weekly pay period shall be a charge on the earnings of the respondent Eti Sa'aga, and the payroll office of the American Samoa Government is hereby authorized to make payroll deductions accordingly, payable to the Clerk of Courts. Such funds shall in turn be paid by the Clerk of Courts to petitioner Otilia Sa'aga on behalf of said minor children.

4. Copies hereof shall be served upon the parties as well as the payroll office of the American Samoa Government.

---

further appears that some thoroughly misguided Union official decided to rectify this irregularity by preparing and signing another wage assignment on respondent's behalf- which was then presented to the government's payroll office as the authorization for making the increased deductions as aforesaid.

[4] It is to be noted that an order for child support issued by a court of competent jurisdiction is one of the specific exceptions to the general federal restrictions on wage garnishments. See U.S.C. § 1673(b).